UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 14-2054; ESCgov, INC. v. BMC Software Incorporated |
|---|---|
| **Originating No. & Caption** | 1:13-cv-01344-GBL-TCB; caption same as above |
| **Originating Court/Agency** | USDC - Eastern District of Virginia - Alexandria Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1332(a) and 1291 | |
| Time allowed for filing in Court of Appeals | 30 days from entry of judgment | |
| Date of entry of order or judgment appealed | 9/30/2014 | |
| Date notice of appeal or petition for review filed | 10/1/2014 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| ESCgov filed a complaint against BMC stating claims for breach of contract, conspiracy, and tortious interference arising out of BMC's assistance in the usurpation of a government contract awarded to ESCgov by the Defense Information Systems Agency ("DISA"). BMC is the owner of computer software known as "BladeLogic." ESCgov purchased 20,000 licenses for that software in order to service DISA under a 2008 government contract and obtained BMC's commitment to refrain from taking any action that could jeopardize ESCgov's ability to secure anticipated future contracts with DISA relating to the provision of BladeLogic software. Nevertheless, when DISA awarded a follow-on contract to ESCgov in 2012, BMC conspired with Deloitte to protest the award by misrepresenting to DISA that ESCgov was not an "authorized reseller of BMC BladeLogic." BMC moved for summary judgment, claiming the statements it made to DISA in connection with Deloitte's bid protest were factually accurate and it could not be held liable to ESCgov under any theory of recovery. The trial court agreed and dismissed ESCgov's claims pursuant to a final judgment entered on September 30, 2014 for the reasons set forth in its Opinion and Order dated August 7, 2014. ESCgov respectfully submits that the district court improperly weighed evidence and made findings of fact at the summary judgment stage and accordingly the grant of summary judgment should be reversed. |

| Issues (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Did the district court err by engaging in an improper weighing of the evidence at the summary judgment stage and concluding that there was only one possible meaning of the term "authorized reseller" in a government contract solicitation despite substantial testimony and documentary evidence suggesting a contrary interpretation?<br>2. Did the district court err in concluding that BMC made no factually inaccurate statements that could support a conspiracy, breach of contract or tortious interference claim, despite evidence that BMC intentionally omitted material information in an attempt to mislead a government agency?<br>3. Did the district court err in making the factual determination that ESCgov had no right to resell BMC's software after 2009, even though ESCgov continued to provide BMC software well into 2012?<br>4. Did the district court err in concluding that the non-displacement agreement between BMC and ESCgov was not supported by adequate consideration? |

| Adverse Parties (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: BMC Software Incorporated | Adverse Party: |
| Attorney: Benjamin G. Chew<br>Address: MANATT, PHELPS & PHILLIPS LLP<br>One Metro Center<br>700 12th Street, NW, Suite 1100<br>Washington, D.C.  20005 | Attorney:<br>Address: |
| E-mail: BChew@manatt.com | E-mail: |
| Phone: (202)585-6511 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: BMC Software Incorporated (Cont'd) | Adverse Party: |
| Attorney: T. Michael Guiffre<br>Address: SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, D.C.  20037 | Attorney:<br>Address: |
| E-mail: michael.guiffre@squirepb.com | E-mail: |
| Phone: (202)457-6441 | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: ESCgov, Inc.<br><br>Attorney: Christopher A. Abel; Stephanie N. Gilbert<br>Address: Willcox & Savage, P.C.<br>440 Monticello Avenue, Suite 2200<br>Norfolk, Virginia 23510<br><br>E-mail: cabel@wilsav.com; sgilbert@wilsav.com<br><br>Phone: (757) 628-5500 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** _Stephanie N. Gilbert_    **Date:** 10/9/14

**Counsel for:** _ESCgov, Inc._

**Certificate of Service:** I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Benjamin G. Chew<br>MANATT PHELPS & PHILLIPS, LLP<br>700 12th Street, NW, Suite 1100<br>Washington, D.C. 20005<br>Telephone: (202) 585-6511<br>E-mail: BChew@manatt.com<br>Counsel for BMC Software, Incorporated | T. Michael Guiffre, Esquire<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, NW<br>Washington, D.C. 20037<br>Telephone: (202) 457-6441<br>E-mail: michael.guiffre@squirepb.com<br>Counsel for BMC Software, Incorporated |

**Signature:** _Stephanie N. Gilbert_    **Date:** 10/9/14